**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1311n.06

No. 12-3267

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Dec 27, 2012***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LUDMILA VALENTINOVNA PAK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:  CLAY, COOK, and ROTH,[*] Circuit Judges.

PER CURIAM.  Ludmila Valentinovna Pak, a native of the former Soviet Union and a citizen of Kyrgyzstan, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum and withholding of removal and ordering her removal to Kyrgyzstan.  We deny the petition for review.

On November 14, 2006, Pak entered the United States as a nonimmigrant visitor for pleasure with authorization to remain for a temporary period.  After that period expired, Pak filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Pak generally claimed in her application that she was "persecuted, abused,

---

[*]The Honorable Jane R. Roth, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

maltreated, beaten up, assaulted verbally and physically, [and] humiliated" in Kyrgyzstan because of her Baptist religion and that she was mistreated by local nationalists whose actions were supported by government authorities.

On May 14, 2008, the Department of Homeland Security served Pak with a notice to appear charging her with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as an alien who was admitted as a nonimmigrant but remained for a time longer than permitted. Appearing before an IJ, Pak admitted the factual allegations in the notice to appear and conceded removability as charged.

At the removal hearing, Pak withdrew her application for protection under the CAT. The hearing proceeded on her remaining claims, with Pak as the sole witness. At the conclusion of the hearing, the IJ denied Pak's application for asylum and withholding of removal and ordered her removal to Kyrgyzstan. The IJ found that Pak was not a credible witness and that, even if her testimony was accepted as credible, she failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected characteristic, as required by 8 U.S.C. § 1101(a)(42)(A).

Pak appealed the IJ's decision to the BIA. Dismissing Pak's appeal, the BIA upheld the IJ's adverse credibility determination as not clearly erroneous and declined to address the IJ's other reasons for denying Pak's application. This timely petition for review followed.

Pak contends that the BIA summarily affirmed the IJ's adverse credibility determination without considering the testimony and other evidence on record. To the contrary, the BIA issued a three-page order reviewing the evidence that supported the finding that Pak was not credible. Where,

as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id*. An adverse credibility determination is a finding of fact reviewed for substantial evidence; we will reverse that determination "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011).

Pak argues that the adverse credibility determination was based on minor inconsistencies that did not go to the heart of her claim. Pak filed her application after the effective date of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified in scattered sections of 8 U.S.C.), which "changed the standard governing credibility determinations, stating that those determinations may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'" *Amir v. Gonzales*, 467 F.3d 921, 925 n.4 (6th Cir. 2006) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The record does not compel a conclusion contrary to the adverse credibility determination. Pak's written application lacked any specific details about her alleged mistreatment in Kyrgyzstan; as the IJ found, there was no evidence that her more detailed personal statement was filed with her application. As the IJ noted, Pak's testimony on direct examination was "detailed and quite responsive to questioning by her counsel," but on cross examination, she "prevaricated," demonstrating her "willingness to take certain liberties with the truth if she believes that it will enhance her cause." *See Diallo v. Holder*, 312 F. App'x 790, 801 (6th Cir. 2009) ("The IJ is in the

best position to determine credibility based on the demeanor of the witness and the presentation of testimony."). Although detailed and internally consistent, Pak's testimony was inconsistent with her supporting documentation. Pak's written application indicated that she was never arrested or detained in Kyrgyzstan, but she testified that she was detained once and released later that evening. Her friend Oksana Mazur submitted a letter stating that, when she and Pak were arrested, the officers assaulted them, called them names, and "put their hands in inappropriate places." Pak testified that the officers merely called them names. Svetlana, another friend, submitted a letter stating that Pak was once detained for two days; Pak did not mention this detention in her testimony. Pak testified that she injured her ankle when nationalists pushed her down a flight of stairs, but her medical record did not mention any assault and stated that her ankle was injured "while descending stairs." Despite her alleged mistreatment in Kyrgyzstan, Pak came to the United States and voluntarily returned to Kyrgyzstan on two occasions, which further undermines her credibility. *See Bleta v. Gonzales*, 174 F. App'x 287, 292 (6th Cir. 2006) (holding that the fact that petitioner "voluntarily left and returned to Albania at least three times during the period of alleged persecution" supported an adverse credibility determination).

Without a threshold showing of credibility, Pak cannot establish that she is entitled to asylum or withholding of removal. *See Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009); *Singh v. Ashcroft*, 398 F.3d 396, 404 (6th Cir. 2005). Accordingly, we deny Pak's petition for review.